UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**USHA JAIN and MANOHAR JAIN,**

          **Plaintiffs,**

v.                                     **Case No. 6:19-cv-1635-CEM-LRH**

**DONALD MYERS, HEATHER HIGBEE, JOHN KEST, KEVIN WEISS, MR. WERT, MYA HATCHETTE, RENEE ROCHE, DAVID BARKER, MARY BETH VALLEY, MICHAEL FURBUSH, and ROETZEL AND ANDRESS PA,**

          **Defendants.**
_____/

# ORDER

THIS CAUSE is before the Court on the April 8, 2020 Order to Show Cause ("April, 8, 2020 OTSC," Doc. 165); Defendant Thomas P. Wert's Accounting of Attorney's Fees and Costs (Doc. 177); Defendants Judge Higbee, Judge Kest, Judge Myers, Judge Roche and Judge Weiss' Response (Doc. 178); Plaintiffs' Response (Doc. 179); and Defendant Mya Hatchette's Response (Doc. 181). Additionally before the Court is Defendants' Joint Emergency Motion for Remand and to Enjoin Pro Se Plaintiffs from Seeking Further Relief without the Court's or an Attorney's

Approval ("Joint Motion," Doc. 187), which the Court previously granted in part and deferred ruling in part by Endorsed Order (Doc. 190) with this written Order to follow. Finally, several Objections (Doc. Nos. 210, 213, 214, 224, 225, 226) have been filed by Plaintiffs to the Magistrate Judge's Orders.

## I.  BACKGROUND

The "tortured" history of this case has been set forth many times, (Mar. 27, 2020 Order, Doc. 151, at 1; *see, e.g.*, Jan. 8, 2020 Order, Doc. 86, at 2–11), so the Court need not fully repeat it. However, as applicable here, Plaintiffs' "allegations all stem from or relate to two cases that were filed and litigated in the Ninth Judicial Circuit Court, in and for Orange County, Florida." (*Id.* at 4 (citing *Jain v. Barker*, No. 2016-CA-007260-O, and *Bay Hill Property Owners Association v. Jain*, No. 2015-CA-008175-O)). On August 22, 2019, "pro se Plaintiffs . . . instituted this action alleging that their constitutional rights have been/are being violated as it relates to [the state court] proceedings." (*Id.* at 2). On February 10, 2020, this Court issued an Order remanding Case Number 2016-CA-007260-O back to state court and otherwise granting dismissal of this action. (Feb. 10, 2020 Order, Doc. 101, at 9). The Court dismissed the Amended Complaint without leave to amend. (*Id.*). Additionally, the Court expressly instructed that "**Plaintiffs SHALL NOT re-file these claims in federal court**," (*id.* at 10 (emphasis in original)), and that "[f]ailure

to comply may result in the imposition of sanctions," (*id.* at 10 n.3). The Court then closed this case. (*Id.* at 10).

Despite the Court's previous Orders and express instructions to Plaintiffs to not re-file the same claims in federal court, (*see id.*), Plaintiffs continued to file in this case. As a result, this Court issued the April 8, 2020 OTSC. In the OTSC, the Court highlighted the "long line of inappropriate filings and behavior by Plaintiffs." (Doc. 165 at 1). The Court noted that in the approximately two months following closure of the case, between early February 2020 and early April 2020, "Plaintiffs . . . filed thirty-six documents and counting, including motions, objections, and notices, all of which requested some form of relief." (*Id.* at 2 (citing Doc. Nos. 102–164)). The Court then ordered Plaintiffs to show cause "as to why they should not be sanctioned for frivolous filings and harassment of Court personnel" and again warned Plaintiff that further frivolous filings may result in the imposition of sanctions without further notice. (*Id.*).

Yet still, the filings did not stop. Plaintiffs attempted to re-remove their state courts cases here without merit. (*See generally* Doc. Nos. 182, 192). The Court denied those filings[1] by Plaintiffs for being "both procedurally and substantively defective." (Jan. 15, 2021 Order, Doc. 184, at 3). To make matters worse, Plaintiffs'

---

[1] The Court refers to these documents only as "filings" because the filings are often too incoherent for the Court to determine what type of filings they are.

deficient filings are often titled as an "Emergency," (*see, e.g.*, Doc. Nos. 13 at 1; Doc. 17 at 1; Doc. 51 at 1; 192 at 1; Doc. 194 at 1; Doc. 197 at 1; Doc. 202 at 1; Doc. 203 at 1; Doc. 221 at 1), when those filings do not in fact warrant that designation, (*see, e.g.*, Oct. 11, 2019 Order, Doc. 52, at 1 (noting that "Plaintiffs have filed yet another 'emergency' motion in this matter, . . . [which] the Court has determined that the matter does not constitute an 'emergency' and . . . should not have been filed as such"). In and of itself, "[t]he unwarranted designation of a motion as an emergency can result in a sanction."[2] M.D. Fla. R. 3.01(e); *see* Doc. 52 at 1–2 (explaining Local Rule 3.01(e) to Plaintiffs and "caution[ing] that any future motion captioned as an 'emergency,' which does not constitute a true emergency, may result in the imposition of sanctions against them").

If Plaintiffs' frivolous filings in this Court were not enough—even after being expressly ordered by the Court to stop—Plaintiffs found a way to waste more of the federal judiciary's precious time. Plaintiffs attempted once again to remove their state court cases to federal court by filing a "Petition for Leave of the Court for Filing a New Claim to the Ocala Division of the Middle District of Florida instead of Orlando Division due to Prejudicial Environment."[3] *In Re: Usha Jain*, No. 5:21-mc-

---

[2] The Middle District of Florida issued revised Local Rules, effective February 1, 2021. However, this rule appears in both the previous and revised versions of the Local Rules.

[3] *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("It is recognized that a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (internal quotations omitted)).

00001-CEM-PRL ("Ocala Case"), Doc. 1, at 1. The case was assigned to the Undersigned, and Plaintiffs filed a "request to withdraw their filing . . . due to assigning the above petition to the same Judge of the Orlando Division of the Middle District of Florida." *Ocala Case*, Doc. 3, at 1. The Court denied the Petition and once again warned Plaintiffs about the need for them to comply with "this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence." *Ocala Case*, Doc. 4, at 1. Plaintiffs were undeterred by the Court's warnings. They again attempted to remove their state court cases, this time to the Tampa Division of the Middle District of Florida. *Freedom Investments Systems LLC v. Jain*, No. 8:21cv-00238-SDM-JSS ("Tampa Case"), Doc. 1, at 1. The Tampa Court remanded the state court cases because "[t]he removal suffers from at least two manifest procedural defects" and because it was "untimely" and "fail[ed] to invoke federal jurisdiction." *Tampa Case*, Doc. 10, at 1, 3. The Tampa Court also highlighted that "[Plaintiffs] wrongly removed another and earlier action," referencing the instant case here in Orlando, and warned Plaintiff "that another plainly baseless removal subjects [Plaintiffs], even without a lawyer, to the assessment against them of an attorney's fee, costs, and other expenses incurred by the opposing party in securing a remand." *Id.* at 3. Finally, Plaintiffs filed in the Jacksonville Division of the Middle District of Florida, requesting "a change of venue from the Orlando Division to the Jacksonville Division." *In Re: Usha Jain*, No. 3:21-mc-00010-BJD-JRK

Page **5** of 11

("Jacksonville Case"), Doc. 1, at 1. The Jacksonville Court denied the motion as moot. *Jacksonville Case*, Doc. 2, at 2.

## II. JOINT MOTION

The Court now turns to Defendants' Joint Motion, which requests that the Court once again remand Plaintiffs' cases back to state court and issue an Order enjoining Plaintiffs "from filing any motions, claims or other papers seeking affirmative relief in any federal or state court in Florida, without either (i) the signature and approval of an attorney authorized to practice law by the Florida Bar, or (ii) first seeking leave from the court, and request such other relief as the Court deems just and proper." (Doc. 187 at 5–6). As noted above, the Court previously granted the Joint Motion insofar as it seeks remand.[4] (Doc. 190). To the extent not previously explained in the Endorsed Order, the case was remanded for the same reasons previously set forth by the Court on multiple occasions. (*See generally* Court Orders, Doc. Nos. 86, 101). And Plaintiffs have not set forth any new reasons for removal that would change the previous rulings by the Court.

Due to the emergency nature of Defendants' Joint Motion, the Court deferred ruling on Defendants' request that the Court issue an Order enjoining Plaintiffs from further filings without approval from a licensed attorney or leave of the Court. (*See*

---

[4] Plaintiffs' latest Notice of Removal was assigned a new case number, 6:21-cv-00336-CEM-LRH, so the Court consolidated that case number with the instant case prior to remanding. (Doc. 190).

Doc. 190). The Court now considers this request. An injunction subjecting a plaintiff's filings to a prescreening requirement is an appropriate method for defending the judicial system from abusive and vexatious litigation. *See Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386–87 (11th Cir. 1993); *Copeland v. Green*, 949 F.2d 390, 391 (11th Cir. 1991). The district court possesses considerable discretion in fashioning such an injunction; however, it may not completely foreclose the litigant from any and all access to the court. *Martin-Trigona*, 986 F.2d at 1387. Under the present circumstances, the Court determines that such an injunction is appropriate. As a result of Plaintiffs' continued frivolous filings—despite numerous express warnings to Plaintiffs to cease such behavior—this Court has been, on numerous occasions, required to divert its attention away from legitimate cases involving litigants who have complied with the relevant rules and procedures and who wish to have their cases decided in a timely fashion. At a time when this Court must deal with heavy dockets and scarce judicial resources, this type of vexatious litigation is severely injurious to the judicial system. Plaintiffs' behavior will not and cannot be allowed to continue. Therefore, Defendants' request for an injunction will be granted to the extent that Plaintiffs will be prohibited from any filing in the

Orlando Division of the Middle District of Florida[5] other than in accord with the instructions below.

### III. OBJECTIONS

Turning to Plaintiffs' numerous Objections to the Magistrate Judge's recent Orders, "[r]egardless of whether a magistrate judge rules on a dispositive or a non-dispositive matter, any party who disagrees with the magistrate judge's decision [may] object to those specific portions of the decision disagreed with." *Fla. Action Comm., Inc. v. Seminole Cnty.*, No. 6:15-cv-1525-Orl-40GJK, 2016 U.S. Dist. LEXIS 143735, at *3 (M.D. Fla. Oct. 18, 2016) (citing Fed. R. Civ. P. 72(a), (b)(2)). Objections to a Magistrate Judge's Order are reviewed under the "clearly erroneous" or "contrary to law" standard. Fed. R. Civ. P. 72(a); *Hallford v. Allen*, No. 07-0401-WS-C, 2007 U.S. Dist. LEXIS 64956, at *3 (S.D. Ala. Aug. 30, 2007) (citing additional authority). "In reviewing the decision, the district judge affords the magistrate judge considerable deference and will only set aside those portions of the decision that . . . leave the district judge 'with the definite and firm conviction that a mistake has been committed.'" *Fla. Action Comm.*, 2016 U.S. Dist. LEXIS 143735, at *3–4 (quoting *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)).

---

[5] Defendants seek an Order enjoining Plaintiffs from filing in any federal or state court in Florida, but the Undersigned only has jurisdiction to issue such an Order as applicable to this Court.

The Court has reviewed the Magistrate Judge's Orders, (Orders, Doc. Nos. 189, 204, 206, 216, 220, 222), and Plaintiffs' Objections thereto, (Doc. Nos. 210, 213, 214, 224, 225, 226). The Magistrate Judge's Orders are not clearly erroneous or contrary to law. Therefore, Plaintiffs' Objections will be overruled, and the Magistrate Judge's Orders will be affirmed.

## IV. CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants' Joint Emergency Motion for Remand and to Enjoin Pro Se Plaintiffs from Seeking Further Relief without the Court's or an Attorney's Approval (Doc. 187) is **GRANTED** to the extent it seeks to enjoin Plaintiffs from further filings in the Orlando Division of the Middle District of Florida without prior approval of the Court.

    a. Any future filing by Plaintiffs Usha Jain and/or Manohar Jain in the Orlando Division of the Middle District of Florida shall be specially handled in the following manner. Without docketing the filing, the Clerk's Office shall forward it to the senior Magistrate Judge in the Orlando Division for review and screening. The Magistrate Judge will determine whether the filing has arguable merit; that is, a material basis in law and fact.

> If the filing is arguably meritorious, the Magistrate Judge will direct the Clerk of Court to file the document for a normal assignment. In the event the senior Magistrate Judge's preliminary review results in a finding that Plaintiffs' filing is frivolous, that action will not be filed with the Court but instead will be returned to Plaintiffs. Upon such a finding, Plaintiffs will be subject to further sanction, including monetary assessment.
>
> b. The Joint Motion is otherwise **DENIED**.[6]

2. Plaintiffs' Objections (Doc. Nos. 210, 213, 214, 224, 225, 226) are **OVERRULED**. The Magistrate Judge's Orders (Doc. Nos. 189, 204, 206, 216, 220, 222) are **AFFIRMED**.

3. The Court's April 8, 2020 Order to Show Cause (Doc. 165) is set for hearing on Tuesday, **May 25, 2021 at 10 AM, in Courtroom 5B, George C. Young United States Courthouse Annex, 401 W. Central Boulevard, Orlando, Florida, before the Honorable Carlos E. Mendoza.**[7] **PLAINTIFFS USHA JAIN and MANOHAR JAIN AND DEFENDANTS' COUNSEL MUST APPEAR IN PERSON.**

---

[6] The request for remand was previously granted. (Doc. 190).
[7] The hearing will be limited to one hour.

**FAILURE TO APPEAR MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING CIVIL CONTEMPT.**[8]

4. The Clerk is directed to mail a copy of this Order to Plaintiffs via certified mail with return receipt.

**DONE** and **ORDERED** in Orlando, Florida on April 26, 2021.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties (by certified mail)

---

[8] "There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Williams v. Monger Entm't Grp., Inc.*, No. 1:18-CV-0226-LMM, 2019 U.S. Dist. LEXIS 235489, at *3 (N.D. Ga. Jan. 9, 2019) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). The Court's inherent civil contempt power includes the "essential" function of requiring "the appearance and testimony of witnesses." *Id.* (quoting *Shillitani*, 384 U.S. at 370).